IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GEBRGE CANNON, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-3463-CM |
| ) | No. 04-20014-02-CM |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |
| ) | |

**MEMORANDUM AND ORDER**

On February 5, 2004, petitioner George Cannon was indicted in the United States District Court for the District of Kansas with one count of violating 18 U.S.C. §§ 2 and 1951 – robbery of a business engaged in interstate commerce and aiding and abetting the robbery; one count of violating 18 U.S.C. § 924(c)(1) – carrying a firearm during the robbery; and one count of violating 18 U.S.C. § 922(g)(1) – being a felon in possession of a firearm. Petitioner filed this action under 28 U.S.C. § 2255 seeking relief for ineffective assistance of counsel. This matter is before the court on petitioner's motion to vacate (Doc. 1) and the government's motion for leave to file its response out of time (Doc. 100).

**I.      The Government's Motion for Leave**

The court held an evidentiary hearing on June 22, 2006. Upon request, the court allowed the parties to file supplemental post-hearing briefs. The government failed to timely file its supplemental response and moves for leave to file its response out of time (Doc. 100). Petitioner's counsel does not object. The court grants the government's request and will consider the government's response.

## II.     Petitioner's Motion to Vacate

Petitioner asserts two ineffective assistance of counsel claims.  In his first claim, petitioner alleges that his trial counsel, Brian Leininger, was ineffective when negotiating petitioner's plea agreement because he (1) failed to timely accept a plea agreement offered by the government; (2) failed to make sure that petitioner was not classified as a career offender; and (3) told petitioner to plead to being a minor participant because the court would agree that he was a minor participant.  In his second claim, petitioner alleges that his sentencing counsel, Carl Cornwell, was ineffective for (1) failing to investigate or review the plea agreement; (2) failing to cite *Blakely* with respect to the court's decision not to classify petitioner as a minor participant; (3) refusing to accept calls from petitioner and return calls from petitioner's family; (4) failing to show up for the sentencing hearing three times; and (5) failing to arrange for petitioner's state parole to run concurrent with his federal sentence.

### A.     Standard of Review

The court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984), when determining whether a habeas petitioner's counsel provided ineffective assistance.  *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*).  Under *Strickland*, a petitioner bears the burden of satisfying a two-pronged test in order to prevail.  First, he must show that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 687-88.  The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id.* at 690.  Second, a habeas petitioner must demonstrate prejudice, which requires a

showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

### B. Factual Background

Mr. Leininger was appointed as petitioner's counsel on April 1, 2004. The trial was originally set for May 3, 2004, but pursuant to the parties' request, the court continued the trial to May 17, 2004 (Doc. 46). On May 12, 2004, counsel for the government faxed a proposed plea agreement to Mr. Leininger. The proposed agreement provided that the government would move the court to reduce petitioner's total offense level by one additional level for timely acceptance of responsibility, but required petitioner to accept the agreement by May 17, 2004.

On May 13, 2004, Mr. Leininger discussed the proposed plea agreement with petitioner. During the discussions, Mr. Leininger learned that petitioner had a prior record in Douglas County, Kansas, but petitioner could not recall the details of the incident. Mr. Leininger was concerned that petitioner's prior criminal history would elevate petitioner to a career offender and negatively impact his sentence. Petitioner told Mr. Leininger to accept the plea agreement, but petitioner also had questions about whether his prior criminal history would affect his sentence. Based on his and petitioner's concerns, Mr. Leininger believed that he needed to investigate petitioner's Douglas County record before accepting the proposed plea agreement. On May 14, 2004, Mr. Leininger went to Douglas County to review petitioner's criminal history, but could not get the records for several days. He searched the public records, but was unable to find enough information to determine whether petitioner's criminal record would affect his sentence. Mr. Leininger was unable to resolve the issue before the May 17, 2004 deadline, and thus, did not accept the proposed plea agreement.

Upon the parties' requests, the trial was continued to June 1, 2004 and then to June 14, 2004.

On May 26, 2004, the parties began negotiating a plea agreement again. Petitioner requested the provision requiring the government to move the court to reduce his total offense level by one additional level for timely acceptance of responsibility, but the government would not renew its previous offer. After further negotiations, the government suggested that they include a provision allowing petitioner to request the court to reduce his total offense level by one level for being a minor participant in the robbery; the provision required petitioner to move the court for the reduction and assured petitioner that the government would not oppose the request. The parties reached a plea agreement that included the minor participant provision.

On June 1, 2004, petitioner pleaded guilty to all counts. Petitioner moved the court for the one-level sentencing reduction for being a minor participant, but the court denied petitioner's request. On December 20, 2004, petitioner was sentenced based on a Criminal History Category of VI and an total offense level of 20. He received 130 months imprisonment – 70 months each on Counts 1and 5, to run concurrently, and 60 months on Count 3, to run consecutive to Counts 1 and 5. He also received three years supervised release.

**C.     Discussion**

**1.     Ineffective Assistant Claims Against Mr. Leininger**

Petitioner argues that Mr. Leininger was ineffective for failing to accept the May 12 proposed plea agreement on or before May 17, 2004. Mr. Leininger did not accept the proposed plea agreement because the issues regarding petitioner's prior criminal history were still unresolved on May 17, 2004. Mr. Leininger's decision not to accept the plea agreement when both he and petitioner had outstanding questions and concerns about the plea agreement and sentence was not unreasonable. But Mr. Leininger should have requested an extension of time to accept the plea agreement or consulted petitioner before the deadline expired.

-4-

Mr. Leininger testified that in situations such as these he usually requests an extension of time. But he could not recall requesting an extension of time in this case and has no notes or correspondence to suggest he requested an extension or attempted to contact the government or petitioner before the May 17, 2004 deadline. The government stipulated that it did not recall Mr. Leininger requesting an extension. Importantly, the government also stipulated that "on other occasions, the court and counsel for the government readily acceded to requests for continuances and extensions of time," indicating that, if asked, the government would have granted petitioner an extension of time to accept the May 12 plea agreement. Although petitioner expressed concerns about his prior criminal history, he testified at sentencing and at the June 22, 2006 evidentiary hearing that he had directed Mr. Leininger to accept the plea. Therefore, the court finds that Mr. Leininger's failure to accept the May 12 plea agreement or request an extension of time before May 17, 2004 was unreasonable.

Next, the court considers whether petitioner was prejudiced by Mr. Leininger's error. Petitioner contends that the error "cost [him] 60 to 70 months." Petitioner argues that if his counsel had accepted the May 12 plea agreement, he would have been sentenced based on an offense level of 19, instead of 20. Under the sentencing guidelines, a one-level total offense level reduction would have affected the sentencing range for Counts 1 and 5, but not Count 3.[1] The sentencing guideline range for Counts 1 and 5 is 63 to 78 months at level 19 and 70 to 87 months at level 20 – a difference of 7 months at the low end of the guideline range and 9 months at the high end.

Although not as drastic as petitioner alleges, the 7 to 9 month difference in the sentencing guideline ranges satisfies the prejudice requirement under *Strickland*. *Glover v. United States*, 531

---

[1] The sentencing range for Count 3 is not less than 60 months consecutive to Counts 1 and 5.

-5-

U.S. 198, 203 (2001) ("[A]ny amount of actual jail time has Sixth Amendment significance."); *U.S. v. Wingo*, 41 Fed. Appx. 236, 240 (10th Cir. 2002) (finding a 7 to 13 month difference in the sentencing range prejudicial under *Strickland*). Thus, despite petitioner's miscalculation, the court finds that petitioner was prejudiced by Mr. Leininger's error because there is a reasonable probability that petitioner's sentence would have been reduced by 7 months if Mr. Leininger had accepted the May 12 proposed plea agreement or asked the government for an extension of time to accept the plea agreement.

Nonetheless, because petitioner has not expressly indicated a desire to withdraw his plea, the court is reluctant to vacate his conviction without petitioner obtaining advice from counsel about the consequences of the withdrawal of his plea. The court believes that the best approach is to provide petitioner with time to consult with his counsel. The court will give petitioner fourteen days to consult with his counsel and advise the court whether he will withdraw his plea. If petitioner withdraws his plea, the court will set the case for trial or permit petitioner to re-plead.

Turning next to petitioner's other allegations against Mr. Leininger, the court finds that they are not supported by the record. Petitioner has not presented any evidence to support his allegations that Mr. Leininger lied about going to Douglas County to determine petitioner's criminal history. Mr. Leininger testified that he went to Douglas County and investigated petitioner's criminal history. Petitioner also failed to address his allegations that Mr. Leininger was ineffective for advising petitioner to plead to being a minor participant. The record indicates that petitioner knew the court had discretion to deny his request for the minor participant reduction. Moreover, petitioner signed the final plea agreement, which states, "[t]he defendant understands that the sentence to be imposed will be determined solely by the United States District Judge." Petitioner's additional claims against Mr. Leininger are therefore denied.

### 2. Ineffective Assistant Claims Against Mr. Cornwell

Petitioner has presented no evidence to support his allegations against Mr. Cornwell. And nothing in the record indicates that Mr. Cornwell's performance was deficient. Petitioner has failed to meet his burden. Therefore, the court finds that petitioner's motion is denied as to his allegations against Mr. Cornwell.

**IT IS THEREFORE ORDERED** that the government's motion for leave to file its response out of time (Doc. 100) is granted.

**IT IS FURTHER ORDERED** that petitioner's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 1) is taken under advisement.

**IT IS FURTHER ORDERED** that petitioner shall notify the court no later than September 5, 2006, whether further proceedings will include withdrawal of petitioner's motion to vacate or withdrawal of his plea and setting the case for trial.

Dated this  22nd  day of August 2006, at Kansas City, Kansas.

                                            **s/ Carlos Murguia**
                                            **CARLOS MURGUIA**
                                            **United States District Judge**